IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DRETRICKE O'NEAL, on behalf of himself　　　　　　　　　　　　　　PLAINTIFF
and others similarly situated

v.　　　　　　　　　　　　　　　　　　　　　　　　　No.: 5:09-CV-110-DCB-JMR

PAUL CAMPBELL and C. GLEN
CAMPBELL, both individually and as the
owners and operators of T & S Tunnel Express　　　　　　　　　　　　DEFENDANTS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

Comes now the Plaintiff, Dretricke O'Neal, by and through his undersigned attorney, pursuant to the Federal Rules of Civil Procedure and Uniform Local Rules for the Northern and Southern Districts of Mississippi and hereby files this Response to Defendants' Motion to Dismiss, and states as follows:

INTRODUCTION

1.　　Plaintiff filed this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") on July 6, 2009.

2.　　Plaintiff asserts that Defendants failed to properly pay him for all hours worked in excess of forty (40) within a workweek.

3.　　In his Complaint, Plaintiff alleges that Defendants, Paul Campbell and C. Glen Campbell, own and operate T & S Tunnel Express and that they regularly exercise the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control the finances and operations of the business. (Complaint, Doc. No. 1, at ¶¶ 2-3). Plaintiff further alleges that Paul and C. Glen Campbell are employers under the FLSA, as defined by 29 U.S.C.

§ 201 *et. seq.*, because they regularly exercised authority on behalf of T & S Tunnel Express, as alleged.

4.  To allege coverage of the FLSA, Plaintiff's complaint alleges that at all times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s) and that Plaintiff, and those similarly situated to him, were engaged in interstate commerce during their employment with Defendants. (Complaint, Doc. No. 1, at ¶¶ 6).

5.  Defendants filed their Motion to Dismiss Plaintiff's Complaint on August 13, 2009. (Doc. No. 3). Defendants subsequently filed their Memorandum in Support of Motion to Dismiss (hereinafter "Defs.' Memo") on August 28, 2009. (Doc. No. 8). Defendants seek an Order dismissing all of Plaintiff's claims against Paul Campbell and C. Glen Campbell (hereinafter collectively "the Campbells") individually on the grounds that they are both members of an LLC that employed Plaintiff and that therefore, Plaintiff's claims should be brought against the LLC, not the Campbell's individually. (Defs.' Memo, Doc. No. 8 at pp. 1-2). Defendants further seek to have all claims dismissed on the basis that they were not covered under the FLSA because their annual gross sales volume has not exceeded $500,000.00 per year in the past three years. (See Id. at p. 2).

## MEMORANDUM OF LAW

Defendants' motion should be denied for three reasons: 1) Plaintiff's Complaint alleges that the Campbells' are liable to Plaintiff for alleged violations of the FLSA as Plaintiff's employer 2) it is premature and would be inappropriate for this Court to rule on the merits of Plaintiff's allegation of enterprise coverage under the FLSA, based on Defendant's extrinsic material – i.e. the front page of tax returns for 2006 through 20008 – prior to the beginning of

discovery; and, 3) even if this Court determines that enterprise coverage is not available, Plaintiff's complaint should not be dismissed because Plaintiff plead individual coverage under the FLSA in addition to enterprise coverage. For these reasons, Defendant's motion should be denied.

**I.     STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)**

Rule 12(b)(6) provides for dismissal of a case when the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1968-69 (2007) (*citing Sanjuan v. American Board of Psychiatry and Neurology Inc.,* 40 F.3d 247, 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint")).

Motions to dismiss are viewed with disfavor and are rarely granted. *Johnston v. One America Productions, Inc.*, No. 2:07CV042-P-B, 2007 WL 2433927, at *4 (N.D. Miss. Aug. 22, 2007) (*citing Shipp v. McMahon,* 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court must accept as true all well-pleaded factual allegations stated in the complaint. *Id. (citing C.C. Port, Ltd. v. Davis-Penn Mortgage Co.,* 61 F.3d 288, 289 (5th Cir. 1995)). Further, the complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Id. (citing Sloan v. Sharp,* 157 F.3d 980, 982 (5th Cir. 1998)). But, the district court need not strain to find inferences favorable to the plaintiff. *Id. (citing Southland Securities Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds"

3

>of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Johnston*, 2007 WL 2433927, at *3-4 (*citing Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65 (2007) (some citations omitted from original for clarity). "Thus, the court must determine whether the defendants have established that the plaintiff's factual allegations in her Complaint, taken as true, are enough to raise a right to relief above the speculation level." *Johnston*, 2007 WL 2433927, at *4. Based on the standard expressed herein, Defendant's motion should be denied, as Plaintiff presented sufficient allegations to state a claim against Defendants for violations of the FLSA.

## II.  DEFENDANTS' AFFIDAVIT IN SUPPORT OF THEIR MOTION TO DISMISS SHOULD NOT BE CONSIDERED BY THIS COURT

Defendants attached the front page of Campbell Brothers, LLC's tax returns for 2006, 2007, and 2008, as an exhibit in support of their Motion to Dismiss. (*See* Doc. No. 3). Plaintiff respectfully submits that this court should not consider the extrinsic materials presented in support of Defendants' Motion to Dismiss. Rule 12(b)(6) provides the district court complete discretion in determining whether to accept and consider any material beyond the pleadings. *Mitsui Sumitomo Ins. Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc.*, No. 07-1538, 2007 WL 2463308, at *2 (E.D. La. Aug. 28, 2007) (*citing Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 194 n. 3 (5th Cir. 1988); 2 James Wm. Moore, *Moore's Federal Practice* § 12.34, at 12-72 (3d ed. 2002). Where extrinsic evidence is presented in support of a motion to dismiss a court need not necessarily consider it in any respect when making its decision. *Mitsui,* 2007 WL 2463308,

at *2 (*citing Reid v. Hughes,* 578 F.2d 634, 636 & n. 2 (5th Cir. 1978)).  If the Court decides to accept and consider extrinsic materials, the motion to dismiss is treated as one for summary judgment and is measured against the standard of Rule 56.  *Id. (citing Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 283 n. 7 (5th Cir. 1993)).

The case at bar is analogous in every respect, procedurally, with *Mitsui Sumitomo Ins. Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc*.  In *Mitsui,* the United States District Court for the Eastern District of Louisiana was presented with Defendants' motion to dismiss that was supported by extrinsic material, which was filed in lieu of an answer as the first responsive pleading.  The *Mitsui* court explained as follows:

> *A* court may choose, in its discretion, not to convert a motion to dismiss into a summary judgment motion when there has been insufficient time for discovery. *Isquith,* 847 F.2d at 194 n. 3 (" 'When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, when it is scanty, incomplete, or inconclusive, the court probably will reject it.' " (citations omitted)); *Elizondo v. Univ. of Tex.,* No. CIVASA-04-CA-1025-XR, 2005 WL 823353, at *7 (W.D.Tex. Apr. 7, 2005) (denying a request to treat a Rule 12(b)(6) motion as a motion for summary judgment when only limited discovery had occurred); *see 5 Million Square Feet Cos. v. Crum & Forster,* Civil Action No. H-06-3956, 2007 WL 1964523, at *1 n. 7 (S.D.Tex. July 3, 2007) (noting that although an affidavit was submitted with a motion to dismiss, there had "been insufficient time for discovery ... and summary judgment [was] not appropriate" at that time). At an early point in the litigation, converting a motion to dismiss into a motion for summary judgment may be inappropriate and likely to lead to continuances and delays pursuant to Federal Rule of Civil Procedure 56(f). Fed.R.Civ.P. 56(f) (stating that a court may allow a continuance in order for a party to adequately oppose a motion for summary judgment); *see Wichita Falls Assocs. v. Banc One Corp.,* 978 F.2d 915, 919 & n. 4 (5th Cir.1992) (stating that a " 'continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course' " (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1267 (5th Cir.1991))). Accordingly, converting a Rule 12(b)(6) motion into a Rule 56 motion, depending on the availability of outside materials and the amount of discovery already completed, may be inappropriate and inefficient.

*Mitsui,* 2007 WL 2463308, at *2.  In denying the defendants' motion to dismiss, the court held:

> At this stage of the proceedings, there has been no discovery. In fact, Biehl has not answered the complaint and it has only filed this motion to dismiss. Although Biehl relied on allegations not in the complaint in its motion to dismiss, and MSI, in turn, submitted documents outside of the pleadings, this Court has discretion to decide whether to accept and consider that material. Due to the early nature of this motion to dismiss, this Court declines the opportunity to convert this motion to dismiss into a motion for summary judgment. Having reviewed the memoranda of counsel, the Court deems it inappropriate to dismiss this case based on the pleadings, as the record must be developed and matters outside the pleadings considered prior to this Court determining whether dismissal is appropriate.

*Id.* at *3. This Court should follow the reasoning of the *Mitsui* court and decline consideration of Defendants' exhibits presented in support of their motion to dismiss. In the alternative, if this Court considers Defendant's extrinsic materials, this Court should convert Defendant's motion to a motion for summary judgment pursuant to Rule 56 and provide the Plaintiff time to conduct discovery on the merits of the allegations Defendants' seek to disprove.

### III. <u>DEFENDANTS' ARE EMPLOYERS UNDER THE FLSA AND ARE THUS PROPRER PARTIES IN THIS CASE</u>

Defendants seek an order dismissing all claims against the Campbells on the basis that they are members of an LLC, which is the proper defendant in this cause, and that, pursuant to Mississippi law, they are not a proper party to this lawsuit "by reason of being a member . . ." (Memo, Doc. No. 8, at p. 2). However, Defendants misunderstand or misconstrue Plaintiff's complaint. Plaintiff did not sue the Campbells' as members of an LLC. Plaintiff does not seek "to pierce the corporate veil." (*See* Complaint, Doc. No. 1, at ¶¶ 2-3). Rather, Plaintiff has brought a direct cause of action against the Campbells' as individuals who are "employers" pursuant to the FLSA.

Under the FLSA an employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit

utilizes a four part test to determine whether a person is an employer within the meaning of the FLSA. *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir. 1990). The factors include:

> whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Watson,* 909 F.2d 1553 (*quoting Carter v. Dutchess Cmty. Coll.,* 735 F.2d 8, 12 (2d Cir. 1984)).

In the case at bar, Defendants' motion to dismiss is not premised on the argument that they should not be considered employers under the FLSA. Rather, they suggest that Plaintiff's claims should be dismissed because Mississippi law does not provide Plaintiff with an avenue to sue them individually, as members of an LLC, just because they are in fact members of the LLC. However, Plaintiff has not sued Defendants "as members of an LLC." Plaintiff's complaint clearly alleges that Defendants have been named as defendants in this action based upon Plaintiff's allegation that the individual Defendants were Plaintiff's employer under the FLSA and are therefore liable to Plaintiff for any and all violations of the FLSA. Plaintiff does not seek to invoke any theory akin to piercing the corporate veil. Under the FLS, to obtain an award against Defendants individually, Plaintiff need only establish that the individual Defendants were his employer, as that term is defined by the FLSA. Thus, Defendants' reliance on the Mississippi code is misplaced and Defendant's motion should be denied.

### IV. **IT IS PREMATURE TO DISMISS PLAINTIFF'S COMPLAINT ON THE MERITS OF THE FLSA COVERAGE ISSUE AT THIS STAGE IN THE PROCEEDINGS**

Defendants seek an order dismissing Plaintiff's claims under the FLSA on the basis that they are not a covered enterprise under the FLSA. Defendants' motion should be denied for two reasons, first it is too early for this Court to address the merits of whether Defendants are a covered enterprise under the FLSA, as the parties have not started discovery. Second, even if

Defendants are not a covered enterprise, so as to invoke enterprise coverage, Plaintiff alleges in his Complaint that Plaintiff, and those similarly situated to him, were engaged in interstate commerce during their employment with Defendants, thus invoking coverage of the FLSA. Therefore, even if this Court were to determine, on the merits – contrary to the plain allegations of the Complaint, that Defendants were not engaged in a covered enterprise, dismissal of Plaintiff's complaint would not be appropriate because Plaintiff has alleged that he, and those similarly situated to him, are or were individually engaged in interstate commerce, and thus are covered and entitled to the protections of the FLSA.

In the case at bar, Defendants attempt to obtain dismissal of Plaintiff's FLSA claim on the grounds that Defendants are not an enterprise covered under the FLSA. The United States District Court for the Middle District of Florida was presented with a similar argument in *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* No. 8:07-cv-2359-T-23TGW, 2008 WL 793660 (M.D. Fla. March 24, 2008). In *Daniel*, the plaintiff sued the defendant for violations of the overtime compensation and minimum wage provisions of the FLSA. *Id.* at *1. "The defendant moved to dismiss the complaint for lack of subject matter jurisdiction on the grounds that (1) neither Pizza Zone nor the individual defendants are "employers" within the meaning of 29 U.S.C. § 203(d); (2) Pizza Zone is a small restaurant engaged exclusively in intra-state commerce and therefore not an "enterprise engaged in commerce or in the production of goods for commerce"; and (3) during the relevant times the plaintiff was neither an "employee" within the meaning of 29 U.S.C. § 203(e) nor 'an employee engaged in commerce or in the production of goods for commerce.'" *Id.*

Although in the case at bar, Defendants' did not assert a motion to dismiss for lack of subject matter jurisdiction, their motion to dismiss for failure to state a claim is based on the

8

same grounds as those asserted by the defendants in *Daniel* – that Defendants are not a covered enterprise and therefore not subject to the FLSA. *Compare* Defs.' Memo, Doc. No. 8, at p. 2 *with Daniel*, 2008 WL 793660, at *1. In a footnote, the *Daniel* court indicated that a jurisdictional challenge under Rule 12(b)(1) that also challenges an element of the plaintiff's substantive claim should be treated as a direct attack on the merits of the claim and dealt with under Rule 12(b) (6) or Rule 56. *Daniel*, 2008 WL 793660, at *1 (*citing Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.,* 104 F.3d 1256, 1258 (11th Cir. 1997)). Thus, it appears the *Daniel* court considered the motion before it as if it was a motion to dismiss for failure to state a claim. Thus, it appears that the issues presented in *Daniel* are analogous to the issues presented by Defendants' motion to dismiss in this case.

This Court should apply the reasoning of the *Daniel* court and deny Defendants' motion to dismiss. The *Daniel* court explained that the complaint before it "adequately allege[d] an employment relationship between the plaintiff and the defendants. Additionally, the complaint allege[d] that the defendants violated 29 U.S.C. § 206 of the FLSA by failing to pay the plaintiff the minimum statutory wage for each hour worked and violated 29 U.S.C. § 207 by failing to pay the plaintiff one and one-half times her regular rate of pay for each hour the plaintiff worked in excess of forty per week." *Id.* The court further pointed out that

> the FLSA protects an employee only if the employee (1) is "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. §§ 206(a), 207(a)(1). In other words, individual coverage or enterprise coverage is an essential element of a claim under Section 206(a) or Section 207(a)(1).

*Id.* The court recognized that the determination of the defendant's volume of sales, i.e. whether it does at least $500,000.00 of business per year, is the most material element of an enterprise coverage allegation. *Id*. The *Daniel* court reasoned that the information required to determine a

business's volume of sales and therefore, whether that business falls under the enterprise coverage of the FLSA, will most often be in the hands of that business. The court held that therefore,

> an allegation of "enterprise" coverage need not attempt to set out a separate allegation of the defendant's sales or a description of the activities of other employees. In most cases, that would only involve gross speculation and not provide the defendant with meaningful information because the defendant already has ... such information. Therefore bare bones allegations are acceptable for "enterprise" coverage and it is best that discovery proceed and the issues concerning gross sales and type of interstate activity be left for summary judgment or trial.

*Id.* at *2 (*quoting Farrell v. Pike,* 342 F. Supp. 2d 433, 439 (M.D.N.C. 2004)). This Court should follow the reasoning of the District Court for the Middle District of Florida and the District Court for the Middle District of North Carolina and deny Defendants' Motion to Dismiss. Here, Plaintiff has alleged individual and enterprise coverage. It would be premature for this court to determine now, before any discovery has been conducted, that Defendants are not an enterprise engaged in commerce pursuant to the FLSA. Further, even if this Court does believe the Defendants have established that Plaintiff did not plead sufficient facts to support an allegation of enterprise coverage, Defendants' Motion to Dismiss should still be denied because Plaintiff plead individual coverage under the FLSA and this allegation was not even addressed in Defendant's Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth herein, no basis exists for dismissing any portion of Plaintiff's Complaint. The allegations in the Complaint are sufficient to state a claim upon which relief can be granted under the FLSA against Mr. Paul Campbell and C. Glen Campbell, thus Defendants' motion should be denied.

Respectfully submitted,

        MORGAN & MORGAN, PA

        s/Jennifer M. Bermel
        Jennifer M. Bermel, #100550
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 333-1827
        Fax: (901) 333-1864
        Email: jbermel@forthepeople.com

## CERTIFICATE OF SERVICE

I, Jennifer M. Bermel, hereby certify that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to the following:

    R.E. Parker, Jr.
    VARNER, PARKER &SESSUMS, P.A.
    1110 Jackson Street
    Post Office Box 1237
    Vicksburg, Mississippi 39181-1237

THIS, the 9th day of September, 2009.

        s/Jennifer M. Bermel
        JENNIFER M. BERMEL