```
                    UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                            WESTERN DIVISION
```

DRETRICKE O'NEAL, ON BEHALF OF
HIMSELF AND OTHERS SIMILARLY
SITUATED                                                      PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:09cv110-DCB-JMR

PAUL CAMPBELL AND C. GLEN CAMPBELL,
BOTH INDIVIDUALLY AND AS THE OWNERS
AND OPERATORS OF T&S TUNNEL EXPRESS                          DEFENDANTS

## OPINION AND ORDER

This matter comes before the Court on the defendants' Motion to Dismiss [**docket entry no. 3**]. Having carefully considered the Motion, plaintiff's Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Facts and Procedural History

Dretricke O'Neal ("plaintiff") commenced this suit on behalf of himself and other similarly situated individuals against Paul Campbell and Glen Campbell, individually, and T&S Tunnel Express (collectively known as "defendants") on July 6, 2009. In the complaint, the plaintiff alleges that defendants failed to pay him and other similarly situated individuals overtime wages pursuant to 29 U.S.C. § 201-209. The plaintiff claims that the defendants are an enterprise covered by 29 U.S.C. §§ 203(r) and 203(s) and that he and those similarly situated were engaged in interstate commerce during their employment with the defendants. Therefore, the

1

plaintiff is seeking unspecified declaratory relief against the defendants pursuant to 28 U.S.C. § 2201 *et seq.* together with all unpaid wages, pre-judgment and post-judgment interests payments, liquidated damages, and reasonable attorney's fees.

The defendants filed the Motion to Dismiss on August 13, 2009. The defendants argue that 1) Paul Campbell and Glen Campbell have been wrongly named as defendants because the plaintiff was employed by Campbell Brothers, LLC d/b/a T&S Tunnel Express and not by Paul and Glen Campbell individually, and 2) defendants are exempt from the Fair Labor Standard Act ("FLSA") pursuant to 29 U.S.C. § 203(s)(1)(A)(2)(ii), because Campbell Brothers, LLC d/b/a T&S Tunnel Express' annual sales volume has not exceeded $500,000.00 in the past three (3) years. Along with the Motion to Dismiss, the defendants filed the tax returns for Campbell Brothers, LLC for the past three (3) years as proof that it is exempt under FLSA.

In his Response, the plaintiff argues that the Court should not consider the tax returns attached as exhibits to the defendants' motion because, by so doing, the Court would convert the Motion to Dismiss into a Motion for Summary Judgment. The plaintiff contends that at this point in the litigation, converting the pleading into a summary judgment motion would be inappropriate and inefficient. Furthermore, the plaintiff argues that he is not suing Paul and Glen Campbell as members of an LLC, but rather as "employers" under FLSA, and, therefore, the Mississippi Limited

Liability statute does not apply. Finally, plaintiff claims that he has alleged enterprise and individual coverage under FLSA, and that dismissal of this action prior to discovery would be premature.

In their rebuttal, the defendants reassert that the tax returns attached as exhibits to their motion prove that they are not an "enterprise" as defined by FLSA and are exempt from the statutes coverage. The defendants offer no counter-argument regarding whether the Motion to Dismiss should be converted into a Motion for Summary Judgment. The defendants also reiterate that Paul and Glen Campbell are not proper parties to this action because they were not "employers" of plaintiff as defined by FLSA. Rather Campbell Brothers, LLC was the "employer" of the plaintiff. Lastly, the defendants argue that plaintiff was not engaged in commerce or in the production of goods for commerce nor was he employed by an enterprise engaged in commerce or the in production of goods for commerce. They contend that the plaintiff was a car wash attendant and provided services offered by a car wash. Therefore, the plaintiff was not individually engaged in commerce or in the production or goods for commerce, nor was he employed by an enterprise engaged in commerce or in the production of goods for commerce. As a result, the defendants contend the action should be dismissed.

## II. Analysis

1. *Motion to Dismiss Standard*

When considering a motion to dismiss under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view the facts in a light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). The Supreme Court stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). To have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Id. at 1950(citing FED. RULE. CIV. PRO. 8(a)(2)).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 127 S.Ct. at 1969. Furthermore, "a well-pleaded complaint may proceed even if it

strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id.(quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1914)(overruled on other grounds)).

2. *Paul Campbell and Glen Campbell, Individually, As Defendants*

Paul and Glen Campbell argue that they are not personally liable to the plaintiff because they are members of Campbell Brothers, LLC d/b/a T&S Tunnel Express. They claim that pursuant to Miss. Code Ann. § 79-29-305, "a member of a limited liability company is not a proper party to a proceeding by or against the limited liability company, by reason of being a member . . . ." The plaintiff, on the other hand, argues that he has not sued Paul and Glen Campbell as members of an LLC, but rather individually as "employers" under FLSA. Therefore, the plaintiff argues, the defendants' membership in an LLC is not relevant to the his FLSA claims.

In order "[t]o be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" Donovan v. Grim Hotel Co., 747 F.2d 966, 971 (5th Cir. 1984)(citing 29 U.S.C. §§ 206-07). An employer under FLSA is "any person acting directly or indirectly in the interest of an employer in relation to an employee." Lee v. Coahoma County, Mississippi, 937 F.2d 220, 226 (5th Cir. 1991)(citing 29 U.S.C. § 203(d)). The Supreme Court has stated that "employer" under FLSA is to be defined "expansively" and

5

includes individuals with "managerial responsibilities" and "substantial control of the terms and conditions of the work of [the] employees." Falk v. Brennan, 414 U.S. 190, 195 (1973). Furthermore, an individual deemed an employer under FLSA "may be held jointly and severally liable for damages resulting from the failure to comply with [] FLSA." Lee, 937 F.2d at 226 (citing Donovan v. Grim Hotel, Inc., 747 F.2d 966 (5th Cir. 1984) cert. denied, 417 U.S. 1124 (1985)).

Factors to be considered in determining if an individual is an employer under FLSA are "1) the power to hire and fire the employee; 2) supervision and control of the employee's work schedule or conditions of employment; 3) determining the rate and method of payment for the hours worked; and 4) maintenance of employment records." Barfield v. Madison County, Mississippi, 984 F. Supp. 491, 497 (S.D. Miss. 1997)(abrogated on other grounds)(citing Reich v. Circle C Investments, Inc., 998 F.2d 324, 329 (5th Cir. 1993)).

In the instant case, the plaintiff has plead that both Paul Campbell and Glen Campbell owned and operated T&S Tunnel Express, and regularly exercised the authority to 1) hire and fire employees; 2 determine the schedule for employees; and control the finances and operations of the business. (Complaint ¶¶ 3, 4). He has also plead that he was employed by the defendants and worked over 40 hours per week without ever receiving overtime compensation

as required by FLSA. (Complaint ¶¶ 1, 7-8). The defendants have not denied the allegations regarding their control over the managerial and supervisory duties for T&S Tunnel Express, but rather have only denied liability based on their position as members in Campbell Brothers, LLC. As a result, the Court finds that the plaintiff has sufficiently plead factual allegations that, if taken as true, raise a viable right to relief under FLSA against Paul Campbell and Glen Campbell, individually.

3. *Converting a Motion to Dismiss to a Motion for Summary Judgment*

Under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. The court has discretion "whether to accept and consider any material beyond the pleadings" when deciding on the motion to dismiss. Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 194 n. 3 (5th Cir. 1988). Furthermore, "[t]he mere fact that the defendants included such [extrinsic] matters in their memoranda to the court in support of their motion does not mean that the court in fact considered this material in any way when making its decision." Reid v. Hughes, 578 F.2d 634, 636, n. 2 (5th Cir. 1978). If the court does "accept and consider these [extrinsic] materials, the motion will be treated as one for summary judgment." FED. R. CIV. P. 12(d); Mitsui Sumitomo Ins. Co. (H.K.) Ltd. v. P&O Ports Louisiana, Inc., 2007 WL 2463308, at *2 (E.D. La.

7

2007)(citing FED. R. CIV. P. 56)).

When utilizing its discretion regarding whether to convert a motion to dismiss into a summary judgment motion, a court should consider the comprehensiveness of the extrinsic materials and determine if the materials will allow the court to make a complete summary judgment analysis. Isquith, 847 F.2d at 194 n. 3; see also Elizondo v. Univ. of Tex., 2005 WL 823353, at *7 (W.D. Tex. 2005)(denying a request to treat a Rule 12(b)(6) motion as a motion for summary judgment when only limited discovery had occurred); 5 Million Square Feet Cos. v. Crum & Forster, 2007 WL 1964523, at *1 n. 7 (S.D. Tex. 2007)(stating that although an affidavit was submitted with a motion to dismiss, there had been "insufficient time for discovery . . . and summary judgment [was] not appropriate" at that time). If the "availability of outside materials and the amount of discovery already completed" is not sufficient to conduct a proper summary judgment analysis, considering the extrinsic materials "may be inappropriate and inefficient." Mitsui, 2007 WL 2463308, at *2.

At this stage in the proceedings, no discovery has taken place. Moreover, the defendant has not filed an answer to the complaint and has only filed the Motion to Dismiss. The defendants did submit tax returns along with their motion as evidence that Campbell Brothers, LLC d/b/s T&S Tunnel Express is not an "enterprise" under FLSA because its annual sales volume is less

than $500,000.00 a year. However, the Court has discretion to decide whether it will accept and consider extrinsic material outside of the pleadings. Due to the early nature of this motion and the lack of knowledge of the Court about the facts surrounding this case, the Court declines to consider the extrinsic material and convert this motion to a motion for summary judgment. Thus, the Court finds that it is inappropriate to dismiss this matter based on the pleadings.

### III. Conclusion and Order

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss [docket entry no. 3] is **DENIED**.

**SO ORDERED**, this the 22nd day of October 2009.

                                        s/ David Bramlette

                                        **UNITED STATES DISTRICT JUDGE**